IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARVIN ERIC PSALMOND and ANNA
MUNANDAR,

        Plaintiffs,

v.

DELTA AIR LINES, INC.,

        Defendant.

CIVIL ACTION NO.

1:13-cv-2327-JEC

## ORDER & OPINION

This case is before the Court on plaintiffs' Motion to Remand and Request for Fees [5]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the Motion to Remand [5] should be **GRANTED** and that the Request for Fees [5] should be **DENIED**.

## BACKGROUND

This case arises out of an emergency evacuation from Delta Flight 1323 on June 20, 2011. (Compl. [1] at ¶ 5.)  The flight was en route from Atlanta to Los Angeles. (*Id.*)  Shortly after takeoff, passengers heard a loud noise and noticed flames coming out of the left engine. (*Id.* at ¶ 7.)  The pilot returned to the Atlanta airport, where she landed the plane without incident. (*Id.* at ¶ 8.)

Once the plane was on the ground, the passengers were instructed to exit the plane via evacuation slides. (*Id.* at ¶ 9.)

Plaintiff Marvin Psalmond was a passenger on Flight 1323. (Compl. [1] at ¶ 6.) Following the emergency landing, Psalmond evacuated down a slide near the middle of the plane. (*Id.* at ¶ 10.) He claims that he was injured when he was struck in the back and shoulder by another passenger who came down the slide prematurely. (*Id.* at ¶ 11.) Plaintiff Anna Munandar is Psalmond's wife. (*Id.* at ¶ 19.) Her claims are based on Psalmond's alleged injuries and derivative of his claims. (*Id.* at ¶ 28.)

Plaintiffs filed suit against defendant in Gwinnett County Superior Court, asserting state law claims of negligence and gross negligence. (Compl. [1].) Defendant removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal [1] at ¶¶ 7-8.) Defendant asserts that plaintiffs' claims are preempted by the Federal Aviation Act ("FAA") as amended by the Airline Deregulation Act ("ADA"), and thus governed by federal law. (*Id.* at ¶¶ 3-6.) Plaintiffs have filed a motion to remand the case to state court. (Pls.' Mot. to Remand [5].) According to plaintiffs, the FAA does not preempt routine state negligence claims such as the claims asserted in this action. (*Id.*) In connection with their motion to remand, plaintiffs also request an award of fees and costs pursuant to 28 U.S.C. § 1447(c).

2

**DISCUSSION**

I.   **MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1441(a):

> any civil action brought in a State court of which the
> district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for
> the district and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a). A case that is improperly removed to federal court is subject to remand under 28 U.S.C. § 1447. Remand is mandatory if "it appears that the district court lacks . . . jurisdiction" over the case. 28 U.S.C. § 1447(c). On a motion to remand for lack of jurisdiction, "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 (11th Cir. 2012). Because removal raises significant federalism concerns, the jurisdictional removal statutes are construed strictly. *Id.* Any doubts about jurisdiction are resolved in favor of remand. *Id.*

As indicated above, defendant relies solely on federal question jurisdiction as its basis for removal. (Notice of Removal [1].) The federal courts have original jurisdiction over cases "arising under federal law." *Ehlen Floor Covering, Inc. v. Lamb,* 660 F.3d 1283, 1287 (11th Cir. 2011)(citing 28 U.S.C. § 1331). As a general rule,

3

a case arises under federal law when it appears from the well-pleaded complaint that federal law creates the cause of action or that resolution of the dispute requires interpretation of a substantial federal issue. *Iberiabank v. Beneva 41-I, LLC,* 701 F.3d 916, 919 (11th Cir. 2012). A state claim may also be deemed to arise under federal law under the "complete preemption" doctrine when federal regulation "so occupies a given field" that any complaint raising claims in that field must necessarily be characterized as federal in nature. *Dunlap v. G&L Holding Grp., Inc.,* 381 F.3d 1285, 1290 (11th Cir. 2004). *See also Pruitt v. Carpenters' Local Union No. 225,* 893 F.2d 1216, 1218-19 (11th Cir. 1990)(holding that § 301 of the Labor Management Relations Act completely preempts any equivalent state law remedies).

Plaintiffs do not assert any federal claims in the complaint. (Compl. [1] at ¶¶ 30-42.) Nor do the asserted claims raise any substantial federal issues. Although the complaint refers generally to federal aviation regulations, its claims do not essentially depend on or require any interpretation of those regulations. *Iberiabank*, 701 F.3d at 919 (state claims "can sometimes arise under federal law when the potential state court plaintiff's right to relief *necessarily depends* on resolution of a substantial question of federal law")(emphasis added). *See also Dunlap,* 381 F.3d at 1290 ("'[T]he mere presence of a federal issue in a state cause of action

4

does not automatically confer federal-question jurisdiction.'") (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)) and *Cornelius v. U.S. Bank Nat'l Ass'n*, 452 Fed. App'x 863, 865 (11th Cir. 2011)("presence of a federally regulated defendant does not of itself raise a substantial federal question").

Defendant's theory is that the state negligence claims asserted in the complaint are completely preempted by the FAA and the ADA. (Def.'s Resp. [6] at 2, 6.) Congress passed the FAA in 1958 in order to promote the safe and efficient use of the nation's airspace. *See* 49 U.S.C. § 40101 and *Zukas v. Hinson,* 124 F.3d 1407, 1412 (11th Cir. 1997). To that end, the FAA vested in the United States government "exclusive sovereignty" over US airspace and authorized the FAA Administrator to implement regulations concerning various aspects of air safety and transport. 49 U.S.C. § 40103(a)(1) and (b). Congress enacted the ADA in 1978, in an effort to deregulate the airline industry and to permit "maximum reliance on competitive market forces" to further efficiency and innovation in the industry. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992) (discussing the history of the FAA and ADA).

As originally enacted, the FAA contained a savings clause clarifying that: "Nothing . . . in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such

5

remedies." *Am. Airlines, Inc. v. Wolens,* 513 U.S. 219, 222 (1995). In accordance with its attempt to deregulate the airline industry, Congress included in the ADA a preemption clause designed to ensure that states did not "'undo federal deregulation with regulation of their own.'" *Id.* (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)).  That clause expressly provides for federal preemption of state laws "related to a price, route, or service of an air carrier" that is governed by the Act.  49 U.S.C. § 41713(b).

Defendant argues that the state negligence claims asserted here are impliedly preempted by the FAA.  (Def.'s Resp. [6] at 14-22.) According to defendant, the comprehensive system of federal regulations that have been implemented under the authority of the FAA evinces an intent by Congress and the Administrator to preempt the entire field of aviation safety.  (*Id.*)  Alternatively, defendant contends that emergency disembarkation procedures are related to an airline's core "service" of providing safe transportation, and that the asserted claims are thus expressly preempted by the ADA.  (*Id.* at 6-14.)

Defendant's implied preemption argument is foreclosed by the Eleventh Circuit's decision in *Pub. Health Trust of Dade Cnty. v. Lake Aircraft, Inc.,* 992 F.2d 291 (11th Cir. 1993).  In *Public Health,* the Circuit Court addressed the same issue that defendant raises here: whether the scheme of federal regulation under the FAA

6

is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* at 294.   Citing *Cipollone v. Liggett Grp., Inc.,* 505 U.S. 504 (1992), the Court advised caution in applying implied preemption theories when a federal statute contains an express preemption clause.   *Id.*   Relying in part on the express preemption language of the ADA, the Court ultimately concluded that the FAA does not preempt state law "on matters unrelated to airline rates, routes or services." *Id.* at 295.

Defendant suggests that the Court should disregard *Public Health* because of its reliance on *Cipollone.*   (Def.'s Resp. [6] at 4-5.) Subsequent to the *Public Health* decision, the Supreme Court clarified that *Cipollone* does not "entirely foreclose[] any possibility of implied pre-emption" when there is an express preemption clause. *Freightliner Corp. v. Myrick,* 514 U.S. 280, 288 (1995).   *See also Geier v. Am. Honda Motor Co., Inc.,* 529 U.S. 861, 869-870 (2000) (ordinary conflict preemption analysis applies to a statute that contains an express preemption and savings clause).   However, the *Cipollone* clarification did not invalidate *Public Health.*   Although the Eleventh Circuit observed in *Public Health* that implied preemption is "usually inapplicable" when there is an express preemption clause, it went on to apply ordinary preemption principles to conclude that field preemption could not be inferred from the language of the FAA.   *Public Health,* 992 F.2d at 294-95.   Its

7

analysis was thus in accordance with the later Supreme Court authority.

The Eleventh Circuit has had at least one opportunity to revisit the *Public Health* decision since the Supreme Court issued its clarifying authority. *See Branche v. Airtran Airways, Inc.,* 342 F.3d 1248 (11th Cir. 2003). Although the *Branche* Court recognized the *Cipollone* clarification, it did not limit or modify *Public Health*. *Id.* at 1253. In fact, *Branche* cited *Public Health* with approval and relied on a similar analysis to reject an implied preemption argument. *Id.* *Branche* confirms that *Public Health*, which definitively resolves the implied preemption argument raised by defendant, remains good law and is binding on this Court. *See Ballenger v. Sikorsky Aircraft Corp.,* Civil Action No. 2:09cv72-MHT (WO), 2011 WL 5245209, at *2 (M.D. Ala. Nov. 3, 2011)(Thompson, J.) (under *Public Health*, claims that do not relate to "airline rates, routes or services" are not preempted by federal law).

Defendant's express preemption argument fares no better. The Eleventh Circuit has interpreted the ADA's "services" term to include all of the "[contractual] features of air transportation" that are bargained for by air carriers and their passengers and that Congress intended to deregulate via the ADA, such as "'ticketing, boarding procedures, provision of food and drink, and baggage handling.'" *Branche,* 342 F.3d at 1256-57 (quoting *Hodges v. Delta Airlines, Inc.,*

8

44 F.3d 334, 336 (5th Cir. 1995)).  Though broad, this definition does not result in the preemption of state law personal injury claims arising from the allegedly negligent operation of an airplane.  *Id.* at 1258 and *Hodges,* 44 F.3d at 335.  As explained in *Branche*:

> airlines do not compete on the basis of likelihood of personal injury . . . and as such it does not undermine the pro-competitive purpose of the ADA . . . to permit states to regulate this aspect of air carrier operations.

*Id.* (internal citation omitted)(those elements of air carrier operations over which airlines do not compete are not "services" . . . and state laws related to those elements are not preempted).  *See also Barbakow v. USAir, Inc.,* 950 F. Supp. 1145, 1149 (S.D. Fla. 1996)("claims by private passengers to recover for injuries proximately caused by an air carrier's breach of its duty of reasonable care in providing cabin services are not preempted by the ADA").

This result is reinforced by another provision of the FAA, which requires an air carrier to maintain an insurance policy or self-insurance plan that is "sufficient to pay . . . for bodily injury to, or death of, an individual or for loss of, or damage to, property of others, resulting from the operation or maintenance of the aircraft." 49 U.S.C. § 41112(a).  The Eleventh Circuit has cited this provision as evidence that Congress did not intend for the ADA to preempt state personal injury claims.  *Branche,* 342 F.3d at 1258.  Other courts

9

have likewise noted that ADA preemption of state negligence claims would render the insurance provision a nullity. *See Hodges,* 44 F.3d at 338 ("A complete preemption of state law in this area would have rendered any requirement of insurance coverage nugatory.") and *Sheesley v. The Cessna Aircraft Co.,* Nos. Civ. 02-4185-KES, Civ. 03-5011-KES, Civ. 03-5063-KES, 2006 WL 1084103, at *21 (D. S.D. Apr. 20, 2006)(Schreier, C.J.)("This insurance requirement acknowledges Congress's intent that state tort claims survive adoption of the Act.").

Finally, the Court notes that defendant has failed to acknowledge the distinction that the Eleventh Circuit draws between the "ordinary preemption" that may provide an affirmative defense to a state law claim and the "complete preemption" that allows for removal of a state claim to federal court. *See Cmty. State Bank v. Strong,* 651 F.3d 1241, 1261 (11th Cir. 2011). Ordinary defensive preemption "'does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331.'" *Id.* (quoting *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir. 1999)). Complete preemption "entirely transforms a state-law claim into a federal claim, regardless of how the plaintiff framed the legal issue in his complaint" and thus does supply federal jurisdiction. *Id.* However, complete preemption is "rare." *Id.*

AO 72A
(Rev.8/82)

The above discussion concerning ordinary preemption principles necessarily precludes the application of the more narrow complete preemption doctrine in this case. But it is important to note that defendant has made no effort to show that this case is within that "rare" category of cases where complete preemption might apply. *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1281 (11th Cir. 2005)(referring to the "special category of federal question jurisdiction created by the doctrine of complete preemption"). Neither has the Court, in its independent research, found any authority to suggest that complete preemption applies under the circumstances of this case.

As discussed, defendant has the burden of showing that removal is proper under federal law. *City of Vestavia Hills,* 676 F.3d at 1313. For all of the reasons discussed above, defendant failed to meet this burden. The Court thus **GRANTS** plaintiffs' motion to remand this case to state court.

## II.  REQUEST FOR FEES

In connection with their motion to remand, plaintiffs request an award of fees and costs pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees under § 1447(c) turns on "the

11

reasonableness of the removal." *Martin v. Franklin Cap. Corp.,* 546

U.S. 132, 141 (2005).  As the Supreme Court explained in *Martin*:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id.  See also Bauknight v. Monroe Cnty.,* 446 F.3d 1327, 1329 (11th

Cir. 2006)(citing *Martin* and rejecting the "presumption in favor of

awarding fees" previously applied by some courts).

Although the Court ultimately rejected defendant's preemption

argument, its asserted basis for removal was not "objectively

unreasonable."  Plaintiffs referred in their complaint to federal

aviation regulations, and their allegations arguably implicate the

FAA and the ADA.  Defendant's implied preemption argument is

foreclosed by *Public Health,* but the *Cipollone* clarification makes

that result less obvious.  And the Eleventh Circuit has not ruled

specifically on defendant's express preemption argument, which might

reasonably have appeared viable given the Circuit Court's broad

interpretation of the term "services" as used in the ADA.

Accordingly, the Court finds that fees and costs are not warranted

under § 1447(c) and **DENIES** plaintiffs' request.

12

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' Motion to Remand [5] is **GRANTED** and their Request for Fees [5] is **DENIED**.  The clerk is directed to **REMAND** this case to the Gwinnett County Superior Court where it was originally filed.


SO ORDERED, this 24th day of March, 2014.



/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

13